## Erb v. Erb

*Melissa P. Rudas,* for plaintiff.
*Ryan C. Blazure,* for defendant.

WORTHINGTON, *J.,* April 28, 2008—This matter comes before us on defendant Ellen Erb's motion for summary judgment. The issue is whether plaintiff, Dennis Erb, released defendant from liability for injuries he sustained as a result of an accident, which he claims was either intentional or based on defendant's negligence. The parties, currently divorced, had entered into a property settlement agreement which contained the release provisions upon which defendant is relying.

On August 30, 2004, plaintiff sustained injuries from a motor vehicle accident while attending a sporting event for one of his children. Specifically, the plaintiff alleges that the defendant ran over his foot with her vehicle and refused to immediately move the vehicle once she was made aware of the situation. Plaintiff filed a civil complaint on October 5, 2005 alleging Count I—assault and Count II—negligence demanding an amount in excess of $50,000, punitive damages, interest, and costs.

On May 10, 2006, plaintiff filed his amended complaint. Defendant filed her answer and new matter to plaintiff's amended complaint on June 21, 2006.

On April 13, 2007, defendant filed a motion for leave to file amended new matter. Plaintiff filed his brief in opposition to said motion on June 11, 2007. On July 2, 2007, we granted defendant's motion pursuant to Pa.R.C.P. 1033.

On July 18, 2007, defendant filed her amended new matter which raised the defense of release and several factual averments. Plaintiff filed his answer to defendant's amended new matter on December 4, 2007.

On January 16, 2008, defendant filed her motion for summary judgment and praecipe for argument. Defendant filed her brief in support of said motion on February 19, 2008 and the plaintiff filed his response and brief in opposition on February 27, 2008.

Arguments on defendant's motion for summary judgment were heard on March 3, 2008. As such, defendant's motion for summary judgment is now before us for consideration.

Pennsylvania Rule of Civil Procedure 1035.2 provides that a motion for summary judgment may be granted if:

"After the relevant pleadings are closed, but within such time as to not unreasonably delay trial; any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or

defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which, in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Company,* 764 A.2d 59, 61 (Pa. Super. 2000). The moving party has the burden of proving the nonexistence of any genuine issue of material fact and the record must be viewed in the light most favorable to the non-moving party. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* Entry of summary judgment is only proper where the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

In her motion, defendant argues that as a matter of law, there exists no genuine issue of material fact and that judgment should be entered in her favor because plaintiff has generally released all claims against her. To do this, we must first determine the purpose of the property

settlement agreement and if a general release did in fact exist.

Settlement and release agreements are construed in the same manner as contracts generally. *Nationwide Insurance Company v. Schneider,* 906 A.2d 586, 595 (Pa. Super. 2006). The intention of the parties to a written release is paramount. Therefore, a settlement and release normally covers matters that can be fairly said to have been contemplated by the parties when the agreement was signed. A settlement and release agreement should be interpreted in a manner which "ascribes the most reasonable, probable and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *Id.* Property settlement agreements incorporated but not merged into divorce decrees are considered independent contracts, interpreted according to the law of contracts. *Chen v. Chen,* 586 Pa. 297, 306, 893 A.2d 87, 93 (2006).

On November 18, 2004, in contemplation of their pending divorce, plaintiff and defendant entered into the agreement. The agreement contained a release clause which read, in pertinent part:

"It is the intention of Husband and Wife to give each other by the execution of this agreement, a full, complete and general release with respect to any and all property and obligations of any kind or nature, real, personal or mixed, which the other now owns or may later acquire, except for all rights and obligations arising under this agreement or for the breach of any provision of this agreement." (Agreement, section II, K.)

Neither party nor their counsel made any reference to the possible accident claim within the agreement.

Also within the agreement a background and purpose section was included. Here, the parties agreed that the purpose of entering into such agreement was to "settle all of their respective property rights, claims, interests and causes of action *under the Domestic Relations Code.*" (Agreement, section I, E.) (emphasis added)

From this language, we conclude that the parties intended that the agreement only deal with issues arising from their marriage and pending divorce. The objects to be accomplished by the agreement were to settle all of the parties' respective property rights, claims, interests and causes of action relating to the marriage. As the release section is part of the agreement, we must interpret it in the same way. The release section included in the agreement did not act as a general release to all claims, but was more limited in scope, dealing only with matters that arose from the marital relationship.

The only issue left now is to determine whether plaintiff's claim arose during the marital relationship. If we find that it did, the claim is one that was contemplated within the agreement and as a result, will be released.

As a general rule, "marital property" means:

"(a) . . . all property acquired by either party during the marriage and the increase in value of any nonmarital property acquired pursuant to paragraphs (1) and (3) as measured and determined under subsection (a.1). However, marital property does not include: . . .

"(4) Property acquired after final separation until the date of divorce, except for property acquired in exchange for marital assets . . .

"(b) Presumption.—All real or personal property acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a)." 23 Pa.C.S.§3501.

Only property acquired prior to the date of final separation is marital property and therefore subject to equitable distribution. *McCoy v. McCoy,* 888 A.2d 906, 910 (Pa. Super. 2005). Property acquired after separation is nonmarital. *Oaks v. Cooper,* 536 Pa. 134, 142, 638 A.2d 208, 212 (1994). The law regarding a personal injury claim and when it arose is no different.

In the case at bar, plaintiff and defendant separated on December 12, 2003 and plaintiff filed a complaint in divorce on March 3, 2004. The accident which gave rise to plaintiff's personal injury claim took place on August 30, 2004. If the accident had occurred during the marriage, we would have no problem stating that it was contemplated by the agreement and therefore, would be released. But our facts indicate that the accident occurred almost eight months after the parties were separated. Since the right to the claim arose after the date of separation, it would not be considered a claim that was contemplated during the marriage and therefore, not within the agreement. As such, the agreement does not act as a bar against plaintiff from filing his cause of action.

Because we determine that the personal injury claim was not one that was contemplated by the agreement, there still exists a genuine issue of material fact. Defendant's motion for summary judgment is denied.

Accordingly, we enter the following:

ORDER

And now, April 28, 2008 defendant's motion for summary judgment is denied.